2002 UT 114

STATE of Utah, Plaintiff and Appellee,

v.

Brad H. HANSEN, Defendant and Appellant.

No. 20010586.

Supreme Court of Utah.

Nov. 26, 2002.

Mark L. Shurtleff, Att'y Gen., Marian Decker, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Kent R. Hart, Lisa Remal, Salt Lake City, for defendant.

HOWE, Justice:

## INTRODUCTION

¶1 Defendant Brad H. Hansen appeals from his convictions for aggravated kidnaping and rape. Specifically, he contends that the trial court violated his due process rights by failing to conduct an in camera review of his victim's mental health counseling records to determine if any of them were material to his defense. We conclude that defendant failed to preserve this issue for review and thus affirm.

## BACKGROUND

■ ¶2 We review disputed facts in the light most favorable to the jury verdict. *State v. Goddard*, 871 P.2d 540, 542 (Utah 1994).

¶3 Defendant and the victim became acquainted during the fall of 2000. On December 18, 2000, she accepted an invitation from him to have dinner at his home. The two spent the evening talking, drinking, and singing karaoke in defendant's bedroom. When she tried at 9:30 p.m. to leave defendant's home, he dragged her back to his bedroom and raped her. She was finally able to escape the next morning. Defendant was subsequently charged with one count of aggravated kidnaping, pursuant to Utah Code Ann. § 76-5-302 (1999), and three counts of rape, pursuant to § 76-5-402 (1999).

¶4 During and prior to her friendship with defendant, the victim had been receiving counseling for depression, anxiety, and attention deficit hyperactivity disorder at the Wasatch Canyons Counseling Center. In connection with her counseling, she had been prescribed a number of medications to treat her mental health problems.

¶5 Prior to trial, defendant moved the trial court to order the production of all records relevant to the victim's mental health treatment. In his memorandum in support of the motion, defendant stated:

> The defendant moves to grant him direct access to all requested records. However if the court will not do so, the defendant requests that the court at least conduct an in camera review of the records.

■ ¶6 The State opposed the motion. The State did not at that time have any of the victim's mental health records,[1] and defense counsel acknowledged that whether such records existed for times subsequent to the alleged rape was unknown. Defense counsel asserted, however, that because the victim acknowledged that she had been re-ceiving treatment at Wasatch Canyons Counseling Center and had been prescribed medications prior to the incident giving rise to this case, records regarding that treatment must exist.

¶7 The State agreed to obtain and disclose all information regarding the medications the victim was taking and any changes in her dosage levels over the relevant time period. Argument at the hearing on defendant's motion thus centered on whether rule 506 of the Utah Rules of Evidence, *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), and our decision in *State v. Cardall*, 1999 UT 51, 982 P.2d 79, called for production of the remaining requested records directly to defendant, in camera review of those records by the court to determine if any were material, or review of the records by the prosecutor to determine if any were material. The trial court ultimately concluded:

> We don't know what, if anything, exists in this case. Therefore, I am about ready to make up my mind....
>
> ....
>
> I am going to direct the State to determine whether these records do exist. Then, under *Cardall* and *Ritchie*, if they do, the State is to review those and determine what evidence, if any, appropriate to the claim or defense that the defendant has requested be conveyed to them. If there is further issue on this or some point of disagreement in some of these records that you suspect or find do exist, [defense counsel], you can come back, and I will revisit that, probably in an in-camera review. Until we find out if they even exist, there is nothing further for me to do.

¶8 Defense counsel then requested that the court order the State to prepare an index of whatever records it found to exist, stating:

> Could I make a suggestion, perhaps, if the State finds out the records do exist, in

---

1. In order to obtain privileged mental health records, a party must first "serv[e] the holders of [those] records with a subpoena duces tecum." *State v. Pliego*, 1999 UT 8, ¶21, 974 P.2d 279. The State concedes that due to both parties' confusion as to the proper procedure for obtaining privileged mental health records, defendant's failure to follow the subpoena procedure mandated in *Pliego* is not alone dispositive here. The standard that must be met to obtain otherwise privileged mental health records outside the prosecutor's control is further addressed in *State v. Blake*, 2002 UT 113, also decided today.

the State's review of the records, I wonder if we could require [the prosecutor] to provide not the specifics of the records, but maybe just an index or a table of contents about what kinds of records exist. . . .

¶ 9 The State agreed to prepare such an index and obtained all of the victim's records from the Wasatch Canyons Counseling Center, examined them, and sent an index, along with copies of all of the therapist's notes on the victim's medication, to defense counsel. In the letter accompanying the index and medication information, the State explained that "[t]here is nothing in [the] records that is exculpatory and there is nothing that would be relevant to the issues of [the victim]'s ability to perceive or her truthfulness." The State also reported that only two cursory statements in the records referred to the rape.

¶ 10 The case then proceeded to trial. At one point during the trial, defense counsel requested the opportunity to make a record of discussions that had taken place in chambers the previous day. That portion of the record makes plain that defense counsel understood the trial court's prior order and acknowledged receipt of the index of records, medication information, and letter from the State, but declined to raise and to revisit the issue of in camera review of the victim's mental health counseling records. Defense counsel explained:

> And, Your Honor, one more time to make a record ... regarding ... our discussions in chambers yesterday morning ..., and that was my wanting to clarify what the [c]ourt's ruling was about what questions I could ask and what was going to be admissible in regards to [the victim]'s medications. As I am sure the [c]ourt recalls, we had a motion hearing back ... three weeks ago ... about records regarding [her] prior psychiatric treatment and medications that she was prescribed in relation to that.
>
> The [c]ourt ruled that [the prosecutor] was to get the records, [the prosecutor] was to do an in camera view of that and provide to me information about the medications [the victim] was prescribed as well as any therapy notes that she believes was

exculpatory. I received from [the prosecutor] a fairly short edited version of therapy notes. It was clear that parts of it were blocked out, and what was provided to me were records about prescribed medications that [the victim] had been given.

> [The prosecutor] attached a letter that indicated that she had reviewed the other therapy notes, and she didn't believe there was anything exculpatory contained within that.
>
> I asked the [c]ourt yesterday whether I was going to be allowed to question [the victim] about those medications and whether or not records of medications would be admissible. As I understand the [c]ourt's ruling was that I could ask her whether or not on the date in question she had taken those medications. The [c]ourt said I was limited to asking her about taking them on the date in question, which is December 18th [and] 19th. I followed that ruling yesterday in my questioning. I just wanted to make that clear for the record.

¶ 11 Following trial, the jury found defendant guilty of aggravated kidnaping and one count of rape. Defendant appeals.

## ANALYSIS

¶ 12 In his memorandum in support of his pretrial motion for production of the victim's records, defendant moved the court "to grant him direct access to all requested records" and sought in camera review of the records only if the court declined to provide them directly to him. On appeal, defendant does not now contend that his victim's mental health counseling records should have been provided directly to him. Rather, he asserts that the trial court violated his due process rights by ordering the prosecutor to review the records for discoverable evidence rather than the court conducting such a review in camera. The State counters that "[d]efendant affirmatively waived any right to judicial in camera review of [his victim]'s privileged mental health records when he failed to act on the trial court's invitation to 'revisit' the issue if he was ultimately dissatisfied with privileged information turned over by

the prosecutor." The State's argument is well taken.

¶ 13 It is well settled that "[i]ssues not raised before the trial court are usually waived and cannot be raised on appeal." *State v. Labrum*, 925 P.2d 937, 939 (Utah 1996); *see also State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994); *State v. Olsen*, 860 P.2d 332, 335 (Utah 1993). Even when an issue has been raised before the trial court, however, it is clear that "[b]efore a party may advance [that] issue on appeal, the record must clearly show that it was timely presented to the trial court *in a manner sufficient to obtain a ruling thereon*." *Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 894 n. 2 (Utah 1988) (emphasis added); *see also State v. Pacheco*, 778 P.2d 26, 29 (Utah Ct.App. 1989) ("Where there is no indication in the record on appeal that the trial court reached or ruled on an issue, this court will not consider the issue on appeal." (citing *Cunningham v. Cunningham*, 690 P.2d 549, 552 n. 2 (Utah 1984))).

¶ 14 In this case, the issue of in camera review of the victim's counseling records was raised before the trial court. However, the court ultimately determined that as to those records, "we don't know what, if anything, exists in this case." The court made clear that until a determination of what, if any, records regarding the victim's counseling actually existed, "there [was] nothing further for [it] to do." The court then indicated that after the State had obtained any existing records, indexed them, and given to defense counsel any records the State felt were discoverable, "[i]f there is further issue on this or some point of disagreement in some of these records that you suspect or find do exist, ... you can come back, and I will revisit that, probably in an in-camera review."

¶ 15 The trial court thus did not deny defendant's motion. Far from making a dispositive ruling on the issue of in camera review of the victim's mental health records, the court determined that until it knew whether any such records existed, it could not competently rule on whether defendant was entitled to an in camera review of them. The court properly exercised its discretion to first ascertain what records existed since neither the prosecutor nor defense counsel knew with any particularity about them. As defense counsel stated at the hearing on his motion, "What we are looking for is some things that we know exist and some things that we suspect exist." The trial court was wise to first identify what records existed and then invite a definitive ruling on defendant's motion. The court left the door wide ajar for defense counsel to obtain a ruling on the motion when the court had the information it felt necessary to support a proper ruling. At trial, defendant again brought up the subject of the records but failed to raise the issue of in camera review and obtain a definitive ruling on his motion.

¶ 16 Just as where an issue has not yet been raised, when a court properly defers ruling on an issue that has been raised and plainly instructs the objecting party to re-raise the issue at a specific later time if its objection remains, the "court[ ][is] not [then] required to constantly survey or second-guess [that] party's best interests or trial strategy." *Labrum*, 925 P.2d at 939. Rather, the requirement of a timely objection to preserve the issue for review is renewed under the terms set forth by the trial court. In essence, if no such later objection is made, the party has not "presented [the issue] to the trial court in a manner sufficient to obtain a ruling thereon," thereby preserving the issue for review. *Buehner*, 752 P.2d at 894 n. 2.

¶ 17 Defendant cites three cases to support his contention that by initially raising the issue of in camera review of the victim's mental health counseling records, he was not required to raise the issue again in order to preserve it—*State v. Saunders*, 1999 UT 59, 992 P.2d 951; *State v. Emmett*, 839 P.2d 781 (Utah 1992); *State v. Johnson*, 748 P.2d 1069 (Utah 1987). Each is inapposite.

¶ 18 In *Saunders*, the trial court denied the defendant's pretrial motion in limine to exclude all evidence of the defendant's prior criminal conduct. 1999 UT 59 at ¶¶ 7, 18, 992 P.2d 951. We held that the defendant was not required to make any further objection at trial to preserve the issue for appeal.

*Id.* at ¶¶ 19–20. That case is distinguishable from the instant case, where the trial court did not make a definitive ruling on the pretrial motion but invited defendant to renew the motion when more information was available which would support the motion.

¶ 19 In *Emmett,* a criminal defendant moved at the close of the State's case for dismissal of one of the charges against him. 839 P.2d at 783. The court, however, reserved ruling on the motion, granting it only after the defendant had presented his entire case. *Id.* On appeal, the defendant contended that "the trial court erred by not ruling on his motion for a directed verdict at the close of the State's case." *Id.* The State contended that the defendant, by failing to object to the court's taking the motion under advisement, waived the right to appeal the issue of a timely ruling on its motion to dismiss. *Id.* We observed that " '[Utah Code Ann. section] 77–17–3 clearly entitles the defendant to an immediate ruling on the sufficiency of the prosecution's case at the close of its case.' " *Id.* (quoting *State v. Smith,* 675 P.2d 521, 524 (Utah 1983)). Conversely, the court in the instant case concluded that "[w]e don't know what, if any[ ], [mental health counseling records] exist[ ]." Without knowledge of whether such records existed, it was proper for the court to defer its ruling on whether defendant was entitled to an in camera review of those records and to place the burden on defense counsel to renew her request if she did not receive satisfaction from the prosecutor.

¶ 20 In *Johnson,* we recognized an exception to the rule that " '[u]nder Rule 4 of the Utah Rules of Evidence, a specific objection is required even where a pretrial motion to suppress has been made.' " 748 P.2d at 1071 (quoting *State v. Lesley,* 672 P.2d 79, 82 (Utah 1983)). Specifically, we ruled that "a defendant [is not required] to object or to renew his motion to suppress at trial where the trial judge is also the judge who ruled on the pretrial motion." *Id.* Then-current rule 4 has since been replaced by current rule 103,

*see* Utah R. Evid. 103 advisory committee's notes, and Utah Rules of Evidence 103 expressly contains the rule adopted in *Johnson.* *See* Utah R. Evid. 103 ("Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). Our holding in *Johnson,* now codified in rule 103, is specific to "definitive ruling[s]" on the admissibility of evidence. *Id.* The trial court in the instant case did not definitively rule on the issue of in camera review of the victim's mental health counseling records. Thus, *Johnson* is likewise not apposite.

## CONCLUSION

¶ 21 Defendant assigns as error the trial court's order to have the prosecutor examine the victim's mental health counseling records for materiality rather than undertaking such a review in camera. However, he waived his right to raise this issue on appeal by failing to raise it before the trial court in a manner "sufficient to obtain a ruling thereon." *Buehner,* 752 P.2d at 894 n. 2. Affirmed.[2]

¶ 22 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.

---

2. When a party fails to preserve an issue for appeal, we will nevertheless review the issue if the appealing party can demonstrate plain error or exceptional circumstances. *State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346. The party may also assert ineffective assistance of counsel in failing to preserve the issue. *See State v. Roth,* 2001 UT 103, ¶ 5, 37 P.3d 1099. Defendant has not argued plain error, exceptional circumstances, or ineffective assistance of counsel.