2005 UT 49

**STATE of Utah, Plaintiff & Appellee,**

v.

**Ken WEAVER, Defendant & Appellant.**

No. 20030199.

Supreme Court of Utah.

Aug. 5, 2005.

Mark L. Shurtleff, Att'y Gen., Marian Decker, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Kent R. Hart, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 Defendant Ken Weaver was convicted of possession of a stolen motor vehicle and failure to respond to an officer's signal to stop. On appeal, he argues that (1) the jury instructions defining reasonable doubt violated his due process rights because they omitted the term "obviate," (2) the trial judge's failure to reread preliminary jury instructions at the close of evidence violated Utah law and federal due process requirements, and (3) the trial court erred in not admitting a police report offered into evidence by the defense.

¶ 2 The legal questions generated by the first two issues, regarding the jury instructions, are analyzed at length in our opinions in *State v. Reyes*, 2005 UT 33, 116 P.3d 305 and *State v. Cruz*, 2005 UT 45, —— P.3d ——. We will therefore address Weaver's arguments on these points only as they specifically relate to the instant case, noting the fuller discussion in *Reyes* and *Cruz*. We will then address the third issue raised by Weaver, specifically, the trial court's decision not to admit into evidence the police report in question. Because Weaver failed to preserve this issue below and failed to argue plain error in his opening brief, we conclude that he has waived the right to assert this challenge and affirm his conviction.

## BACKGROUND

¶ 3 Ashley Roberts's Ford Escort was stolen from her driveway late in the evening of April 2, 2002 or early the next morning. On the evening of April 3, an off-duty police officer received a call from his neighbor reporting a suspicious vehicle a few blocks from Roberts's home. The officer checked police records, which identified the car as Roberts's stolen Ford Escort. The officer then waited in his vehicle at the neighbor-

hood's entrance road until he observed the Escort leaving, and then activated his emergency lights, blocked the car's path, and exited his unmarked patrol car with his gun drawn and badge showing. Weaver, who was driving the Escort, put the car in reverse and sped away. The officer, after reentering his patrol vehicle, pursued the Escort with his lights flashing until it again stopped. Weaver and a passenger, Rathasa Esprit, then got out and fled on foot. The officer first apprehended Esprit, then found and secured Weaver, and held them both until the county deputies arrived.

¶ 4 The State never charged Esprit with any crime. Several months after Weaver's arrest, Esprit was interviewed by police. According to the police report of that interview, Esprit stated that "a 'friend' had let [him and Weaver] use the car, but he did not name the 'friend.'" Esprit also claimed that he and Weaver fled because the officer did not identify himself as a police officer, his car was not a marked patrol car, and they feared for their safety because they did not know who was chasing them.

¶ 5 Following a one-day trial in which Weaver did not testify or present any witnesses, he was convicted of possessing stolen property and failing to respond to an officer's signal to stop. At trial, Weaver attempted to introduce the police report containing Esprit's statements, claiming the report was admissible under the declaration against interest exception to the hearsay rule. The trial court ruled that the police report was inadmissible because the statements did not incriminate Esprit but were instead self-serving and exculpatory.

## ANALYSIS

### I. REASONABLE DOUBT INSTRUCTION

¶ 6 Weaver first argues that his due process rights were violated because the jury instructions regarding reasonable doubt omitted the term "obviate." As noted in Cruz, "[g]enerally, '[w]hether a jury instruction correctly states the law presents a question of law which we review for correctness.'" 2005 UT 45 at ¶ 16 (quoting State v.

Houskeeper, 2002 UT 118, ¶ 11, 62 P.3d 444). However, where a defendant has failed to preserve an objection, we will not review his claim unless he can demonstrate plain error or exceptional circumstances. Because Weaver failed to preserve his objection to the jury instructions, he attempts to argue structural error on appeal. Citing no case law and providing no discussion, Weaver argues that the three errors raised in this appeal "constituted structural error which requires no showing of harm." As in Cruz, we need not determine whether Weaver's "failure to object to the reasonable doubt instructions forecloses his claim of structural error because we conclude that the trial court's reasonable doubt instructions were not erroneous—the first prong in structural error and plain error analyses." Id. at ¶ 18.

¶ 7 In Reyes, argued the same day as this appeal, we overruled the Robertson test mandating that a reasonable doubt instruction specifically require the state to "obviate all reasonable doubt," id. at ¶ 30 (citing State v. Robertson, 932 P.2d 1219, 1232 (Utah 1997), overruled on other grounds by State v. Weeks, 2002 UT 98, ¶ 25 n. 11, 61 P.3d 1000), and adopted the standard for assessing the validity of a reasonable doubt instruction announced in Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). Under that standard, the determinative question now is whether the instructions, taken as a whole, correctly communicate that a defendant cannot be convicted of a crime "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

¶ 8 We hold that the jury instructions given during Weaver's trial, when viewed as a whole, adequately communicated to the jury the concept of reasonable doubt. Jury instruction fifteen informed the jury that the State had the burden of proof and that "a defendant is presumed to be innocent unless proven guilty beyond a reasonable doubt." Jury instructions sixteen through eighteen further explained the concept of reasonable doubt, and instructions twenty-nine, thirty-four, and forty-one set out the elements of

the charged and lesser included offenses and informed jurors that, if they were "not convinced beyond a reasonable doubt of any one or more of the foregoing elements, then [they] must find the defendant not guilty." These instructions provided a clear and accurate definition of proof beyond a reasonable doubt and correctly informed the jury of the prosecution's burden of proving the defendant's guilt. The instructions clearly and specifically conveyed all of the information required by the *Victor* test, specifically that "the court instruct the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt." 511 U.S. at 5, 114 S.Ct. 1239. In sum, the trial court's reasonable doubt instructions were not erroneous and do not warrant a new trial.

## II. JURY REINSTRUCTION

¶ 9 Weaver next contends that the trial court plainly erred by failing to reinstruct the jury on the presumption of innocence at the close of the evidence and the State's burden of proving guilt beyond a reasonable doubt, arguing that rule 17(g)(6) of the Utah Rules of Criminal Procedure requires such recitation.[1] Again, our opinion in *Reyes* is determinative in resolving this issue.

¶ 10 The defendant in *Reyes* hewed to the same hidebound interpretation of rule 17(g)(6) that Weaver urges us to adopt here—namely, that the rule requires a trial judge to read *all* instructions to the jury at the close of evidence, including those instructions that the judge may have already read to the jury earlier. 2005 UT 33 at ¶ 40. While we acknowledged in *Reyes* that such an interpretation was "plausible," we asserted that it was by no means the only reasonable interpretation of rule 17(g)(6). *Id.* at ¶ 43. Instead, we construed the rule to "require trial judges to provide some instruction when the evidence is concluded," but we declined to "offer guidance on the nature and extent of the instructions to be given at that stage of the trial," thereby "ceding to trial judges the discretion to determine the appropriate instructions to deliver to the jury at the close of evidence." *Id.* at ¶ 45. Applying

this interpretation to a later case, *State v. Cruz*, we concluded that "[a] trial court's decision not to reread its preliminary instructions at the close of evidence is erroneous only if it reflects an abuse of discretion." 2005 UT 45, ¶ 27, 122 P.3d 543.

¶ 11 In both *Reyes* and *Cruz*, we determined that two factors established that the trial court had not abused its discretion in declining to reread previously issued jury instructions at the close of evidence: (1) the relatively short lapse of time between " 'the trial court's reading of the preliminary instructions [and] the conclusion of the evidence,' " and (2) the fact that " 'the jury was provided with a written copy of every instruction.' " *Id.* at ¶ 28 (quoting *Reyes*, 2005 UT 33 at ¶ 49).

¶ 12 The facts in this case are even more compelling than those in *Reyes* or *Cruz*. In *Reyes*, the lapse in time between the trial court's reading of preliminary instructions and the close of evidence was "less than twenty-four hours." 2005 UT 33 at ¶ 49. In *Cruz*, it was "just over forty-eight hours." 2005 UT 45 at ¶ 29. Here, the time lapse was a mere five or six hours. Moreover, the jury in this case was provided with a written copy of every instruction. We cannot say that the court's failure to reread instructions to the jury that it had already read to them only a few hours earlier, and of which all members of the jury had a written copy, constituted any error, let alone plain error. Thus, Weaver's second argument also fails.

## III. POLICE REPORT

¶ 13 Finally, Weaver argues that the trial court erred by refusing to admit into evidence the police report containing Esprit's statements. The standard for reviewing a trial court's ruling on the admissibility of evidence turns on whether the ruling was "one determining the facts to which the law will be applied [or one] applying the law to determined facts." *State v. Thurman*, 846 P.2d 1256, 1270 n. 11 (Utah 1993). Since the parties do not dispute the content of the

---

1. The rule provides that, "[w]hen the evidence is concluded and at any other appropriate time, the court shall instruct the jury." Utah R.Crim. P. 17(g)(6).

police report, the issue of whether the trial court correctly refused to admit the report is a question of law, which we review for correctness. *State v. Ramirez*, 817 P.2d 774, 781 n. 3 (Utah 1991). However, before any review can be undertaken the issue must be preserved in the proceedings below.

¶ 14 The police report containing Esprit's statements was clearly hearsay under rule 801(c) of the Utah Rules of Evidence, and as such it was not admissible as evidence in the trial unless it satisfied the requirements of an exception to the hearsay rule. *See* Utah R. Evid. 801(c) (defining "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); *id.* 802 (providing that hearsay is not admissible unless certain specified exceptions apply). At trial, Weaver argued that the report was admissible under the statement against interest exception, claiming that both the declarant, Esprit, and the reporting police officer were unavailable to testify and that the statements were contrary to Esprit's interests. *See id.* 804(a), (b)(3). The trial court correctly held however that Esprit's statements did not in fact expose him to possible criminal liability and were self-serving and exculpatory in that they provided reason to exonerate him.

¶ 15 Weaver now argues on appeal that the report was admissible under the exceptions for business and public records set forth in rule 803(6) and (8) of the Utah Rules of Evidence. Weaver notes that this court has held that "police reports of crimes should ordinarily be admitted when offered by the defendant in a criminal case to support his defense." *State v. Bertul*, 664 P.2d 1181, 1185 (Utah 1983). However, in the present case, Weaver did not raise rule 803(6) or (8) as a basis for admitting the report in the trial court, nor did he argue plain error in his opening brief. Thus, as explained below, the claim regarding the business records and public records exceptions is unpreserved and procedurally barred.

¶ 16 In general, "a timely and specific objection must be made [in the trial court] in order to preserve an issue for appeal." *State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551

(citing Utah R. Evid. 103(a)); *see also State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994). The principle underlying this rule is that the trial court, as the court of first impression, must have "an opportunity to address a claimed error and, if appropriate, correct it" before appellate review is appropriate. *State v. Eldredge*, 773 P.2d 29, 36 (Utah 1989); *see also State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346.

¶ 17 Weaver concedes that he did not specify rule 803 of the Utah Rules of Evidence as a basis for admitting the police report into evidence, but he maintains that he communicated the legal precept by arguing that the police report should be admitted as evidence in place of testimony by the interviewing police officer who wrote the report because it was "part of the investigations of [a] police report." However, the record indicates that the discussion regarding the absence of the reporting police officer occurred solely in connection with defendant's argument on the statement against interest exception. Because Weaver did not distinctly or specifically allege rule 803, or the business and public records exceptions as a basis for admitting the police report, we hold that he did not preserve this claim for review on appeal.

¶ 18 In Utah, we have recognized three instances in which an appellate court may address an issue for the first time on appeal: (1) where the appellant establishes that the trial court committed "plain error"; (2) where "exceptional circumstances" exist; or (3) in some situations, where a claim of ineffective assistance of counsel is raised on appeal. *See State v. Hansen*, 2002 UT 114, ¶ 21 n. 2, 61 P.3d 1062; *State v. Irwin*, 924 P.2d 5, 7 (Utah Ct.App.1996). In the present case, Weaver argued neither exceptional circumstances nor ineffective assistance of counsel. Thus, our determination of whether to consider the issue on appeal, in spite of Weaver's failure to assert it in the lower court, rests on whether Weaver adequately alleged plain error on appeal.

¶ 19 Weaver claims in his reply brief that he should be allowed to raise the applicability of the business and public records

exceptions on appeal because the trial court plainly erred in excluding the report. However, this court has required the party seeking appellate review on issues not brought before the lower court to articulate the justification for review in the party's opening brief. *See Coleman v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122; *see also Pinder*, 2005 UT 15 at ¶ 45, 114 P.3d 551. In *Coleman*, we held that "we will not consider matters raised for the first time in the reply brief," and thus we declined to review the issues in question because of the failure to "properly raise [the] issues in the trial court and thereby preserve them for appellate review, and because [appellant] argued plain error ... for the first time in his reply brief." 2000 UT 98 at ¶ 9, 17 P.3d 1122. Similarly, Weaver's claim in the present case is procedurally barred because he failed to argue plain error in his opening brief.

## CONCLUSION

¶ 20 The trial court did not plainly err in its jury instructions regarding "reasonable doubt." The jury was properly instructed regarding the meaning of "reasonable doubt," and there was thus no violation of Weaver's due process rights. Additionally, the trial court did not plainly err by not reinstructing the jury at the close of Weaver's brief trial. Finally, because Weaver did not specifically assert his claim for admission of the police report under rule 803(6) and (8) of the Utah Rules of Evidence in the trial court and because he did not allege plain error in his opening brief on appeal, the issue is both unpreserved and procedurally barred. We therefore affirm Weaver's conviction for possession of a stolen motor vehicle and failure to respond to an officer's signal to stop.

¶ 21 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.