**2015 UT App 233**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ANH TUAN PHAM,
Defendant and Appellant.

Memorandum Decision
No. 20130773-CA
Filed September 11, 2015

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 121904190

Michael J. Langford and Thomas J. Rollins, Attorneys
for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and KATE A.
TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Anh Tuan Pham appeals his convictions for
aggravated robbery, aggravated assault, and riot. Pham argues
that the trial court abused its discretion in denying his motion to
sever his case from that of a co-defendant.[1] Because Pham failed
to preserve his argument below, we affirm.

---

1. Pham's co-defendants each filed separate appeals. *See State v.
Maama*, 2015 UT App 234; *State v. Maama*, 2015 UT App 235.

¶2 On appeal from a criminal conviction, we recite the facts from the record in the light most favorable to the jury's verdict. *State v. Lee*, 2006 UT 5, ¶ 2, 128 P.3d 1179. Pham, Semisi Maama, and Mesia Maama robbed and assaulted a man and his son in the parking lot of a restaurant. Pham and Semisi were charged with aggravated robbery, aggravated assault, and riot for their roles in the crime.[2] Before trial, Pham moved to sever his trial from the trial of Semisi. In his motion, Pham argued that severance was required because the State intended to introduce, through one or more of the victims, a statement made by Semisi in the course of the robbery. Relying on *Bruton v. United States*, 391 U.S. 123, 127 (1968), Pham argued that admission of the statement, should Semisi himself not testify at trial, "would violate [Pham's] rights under the Confrontation Clause of the Utah State Constitution and the United States Constitution." In response to Pham's motion, the State agreed to redact Semisi's statements made to police officers and asserted that the State would not seek to introduce Semisi's statements that directly implicated Pham in the aggravated robbery. The trial court held a hearing on the motion to sever, took the matter under advisement, and ordered supplemental briefing.

¶3 Several months later, but still before trial, Pham filed a "Motion to Sever or, in the Alternative, To Prohibit Admission of Co-Defendant's Statement." The motion sought to prevent the State from introducing at trial a statement by Semisi that was directed at the adult victim and indirectly implicated Pham in the robbery. Pham argued that the introduction of Semisi's statement would violate Pham's right to confront and cross-

---

2. Mesia Maama was charged with aggravated assault and riot, but not aggravated robbery.

examine Semisi at their joint trial if Semisi did not testify.[3] At the final pretrial hearing, the trial court denied the motion to sever. The trial court determined that Semisi's statement was not the type of statement contemplated by *Bruton*, that severance was not warranted because the statement did not directly implicate Pham, and that severance would not resolve the Confrontation Clause issues.

¶4    Both Pham and Semisi testified at trial. Pham testified that he believed the driver of a vehicle was giving him a "mad dog" look, that he confronted the driver, that the driver made a motion that Pham interpreted as reaching for a gun, and that Pham then drew his own gun to defend himself in response. Pham denied robbing or even trying to rob the driver.

¶5    According to Pham, at trial, Semisi "essentially testified that he witnessed Pham committing an armed robbery." However, while Semisi's actual trial testimony was that he saw Pham arguing with the driver of another vehicle and saw Pham pull out a gun, he also stated that he and Pham had not discussed robbing anyone and that he never heard Pham make any demands for money from the driver. Semisi testified that he told the driver that he "better [give] [Pham] . . . what he wants" because he was confused and shocked by what was happening, but that he never saw the driver give money to Pham. Semisi also testified that he was not aware that a robbery had taken place and only later learned a robbery had occurred during an interview with a detective. While testifying, Semisi maintained that at the time of the confrontation he was not aware of a robbery and that the detective "put words in [his] mouth during [his] interview." At the end of Semisi's direct examination,

---

3. Because Semisi did testify at trial, Pham had the opportunity to cross-examine him. Accordingly, Pham has abandoned his Confrontation Clause claim on appeal.

Pham's counsel waived the right to cross-examine Semisi. Pham did not renew his motion for severance or file a motion for mistrial based on allegedly antagonistic defenses between him and Semisi. The jury convicted Pham on all counts. Pham now appeals.

¶6     Pham contends that the trial court erred in denying his motion to sever. While Pham characterizes the issue generally as a question of whether "the [Trial] Court err[ed] in denying Pham's Motion to Sever the trial from that of his co-defendant, because holding a joint trial with co-defendant [Semisi] was unduly prejudicial to Pham," he does not make the same argument on appeal that he originally made to the trial court for severance. In his motions to sever, Pham argued only that a joint trial would result in injustice because it would pit his Sixth Amendment right to confront Semisi against Semisi's Fifth Amendment right to remain silent. Because Semisi testified at trial, Pham necessarily abandoned this argument for severance altogether. Pham now claims that the joint trial resulted in injustice because Semisi testified to a different version of events than Pham testified to, which Pham now claims "substantially impeded if not completely derailed the presentation of Pham's defenses."

¶7     We do not reach the merits of this claim, because Pham failed to present his claim of antagonistic defenses to the trial court in his pretrial motions to sever or at trial and thus he failed to preserve this argument for appeal. *See State v. Velarde*, 734 P.2d 440, 445 (Utah 1986). We generally do not address unpreserved arguments raised for the first time on appeal. *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. To preserve an argument for appellate review, the appellant must first "'present[] [the argument] to the district court 'in such a way that the court has an opportunity to rule on [it].'" *State v. Kozlov*, 2012 UT App 114, ¶ 32 (third alteration in original) (quoting *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828). Pham's motions to sever did not

assert that he would be unfairly prejudiced by a joint trial because his co-defendant's defense and his defense were "irreconcilable and mutually exclusive." *See Velarde*, 734 P.2d at 445; *cf. State v. O'Brien*, 721 P.2d 896, 899 (Utah 1986) ("[T]he fact that one defendant attempts to cast blame on his co-defendant is not alone sufficient reason to require severance of the co-defendants' trials. The defendants must prove their defenses were irreconcilable."); *State v. Telford*, 940 P.2d 522, 526 (Utah Ct. App. 1997) (stating that defenses are mutually exclusive when "the jury [has] to reject one defense to believe the other"). Nor does Pham argue on appeal that the trial court committed plain error when it failed to recognize that Pham's and Semisi's testimonies at trial created antagonistic defenses that prevented Pham from receiving a fair trial.[4] *See Oseguera v. State*, 2014 UT 31, ¶ 15, 332 P.3d 963 (declining to consider an issue on appeal where the defendant had failed to argue that "'exceptional circumstances'" or "'plain error'" justified review of the issue). Because Pham has abandoned his preserved argument and presents a new and, in fact, inconsistent argument on appeal, we decline to address the merits of Pham's claim.

¶8     We affirm.

————————

4. At oral argument before this court, counsel for Pham argued for the first time that it was not just error but plain error for the trial court to not sever the trials based on Semisi's and Pham's antagonistic defenses. However, "the party seeking appellate review on issues not brought before the lower court" must "articulate the justification for review in the party's opening brief." *State v. Weaver*, 2005 UT 49, ¶ 19, 122 P.3d 566. Because Pham failed to argue plain error in his opening brief, we decline to address the argument on appeal. *Id.*