**2020 UT App 119**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CHRISTOPHER JOHN ELLIS,
Appellant.

Opinion
No. 20180899-CA
Filed August 13, 2020

Third District Court, Salt Lake Department
The Honorable Amber M. Mettler
No. 131902294

Alexandra S. McCallum and John West,
Attorneys for Appellant

Sean D. Reyes and Nathan H. Jack,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and KATE APPLEBY
concurred.

ORME, Judge:

¶1 Christopher John Ellis appeals his conviction for aggravated robbery, arguing that the district court erred in (1) not striking a prospective juror for cause and (2) giving a faulty jury instruction. We affirm.

BACKGROUND[1]

¶2 In early 2013, Ellis entered a store in Salt Lake City, pointed a gun at the clerk, and ordered him to empty the cash register. The clerk obeyed and handed Ellis nearly $400 in cash, including a single $100 bill.

¶3 Ellis then fled the store and jumped into a nearby car. A family observed his escape, recorded his license plate number, and provided it to the police. Police officers tracked that license plate to Ellis—the car was registered in his wife's name—and were able to locate and arrest him later that evening. The police found $359.50 in his front pocket, including a $100 bill, and two handguns in his car, one of which he used in the robbery.[2]

¶4 The State charged Ellis in relevant part with aggravated robbery and provided notice that it would seek an enhancement under Utah Code section 76-3-203.8 on account of Ellis's use of a dangerous weapon during the commission of the robbery. During jury selection at his second trial,[3] the district court asked the prospective jurors whether they, their family, or close friends

---

1. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict and present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Daniels*, 2002 UT 2, ¶ 2, 40 P.3d 611.

2. Given the issues raised by Ellis, we need not recite all the facts of the robbery and Ellis's eventual arrest because they are not necessary to our analysis. A full account of the episode can be found in *State v. Ellis*, 2018 UT 2, 417 P.3d 86.

3. Following his first trial, Ellis was convicted on all charges and appealed. Our Supreme Court affirmed Ellis's conviction for possession of a firearm by a restricted person but reversed and ordered a retrial on his aggravated robbery conviction. *See id.* ¶ 50.

had ever been victims of a crime. A prospective juror (Juror 30) indicated that she had been a crime victim. She was brought into the court's chambers to discuss the matter further, away from the other prospective jurors. She informed the court that she had been held at gunpoint one night while working at a video store some twelve years earlier. When Ellis's trial counsel asked whether she feared for her life during this incident, she responded that she "felt more shocked than anything" and "was more angry than anything . . . but . . . other than that [she felt] okay about it" and did not think it would affect her ability to judge the facts of the case. The prosecutor also asked her, "If the allegations in this case are similar to the incident that happened to you, do you feel like you could judge the case on the evidence that's presented here and put aside anything that has happened to you in the past?" Juror 30 responded that she could.

¶5     Ellis moved to strike Juror 30 for cause, arguing that although she had "all the right answers," he was "just not sure that [a robbery was] an experience that you can be the same after." The prosecutor objected, stating that Juror 30 was just "shocked and angry" and that she had told the court that "[i]t wouldn't have any effect on her ability to be fair in this case." The district court agreed with the prosecutor and denied Ellis's motion. Ellis then used the first of his six peremptory challenges to remove Juror 30.[4]

¶6     At trial, the district court provided three instructions relevant to this appeal. Instruction 34 informed the jury that

> Count I charges the defendant with Aggravated Robbery. He has also been charged with using a dangerous weapon in the commission or furtherance of the Aggravated Robbery. As you deliberate, you must determine whether the

---

4. The court granted Ellis's several other motions to strike jurors for cause.

defendant is guilty or not guilty of Aggravated Robbery. Furthermore, if you determine that the defendant is guilty of Aggravated Robbery, you must determine whether or not the State has proved beyond a reasonable doubt that the defendant used a dangerous weapon in the commission or furtherance of the Aggravated Robbery. The law does not require you to make these determinations in any particular order. However, you cannot find the defendant not guilty of Aggravated Robbery and yet find the State has proven beyond a reasonable doubt that the defendant used a dangerous weapon in the commission or furtherance of the Aggravated Robbery. In other words, you can only find in the Special Verdict in count I that the State has proven beyond a reasonable doubt that the defendant used a dangerous weapon in the commission or furtherance of the Aggravated Robbery if you also find the defendant guilty of that Aggravated Robbery.

The elements of Aggravated Robbery are set forth in Instruction No 42.

¶7     Instruction 42 stated that to find Ellis guilty of aggravated robbery, the jury had to find beyond a reasonable doubt that Ellis (1) "[i]ntentionally or knowingly used force or fear of immediate force against another in the course of committing a theft or wrongful appropriation" and (2) while committing this act, "used or threatened to use a dangerous weapon." Instruction 46 further provided that if the jury "determine[d] beyond a reasonable doubt that . . . Ellis committed Aggravated Robbery, [it] must complete the special verdict form." Ellis did not object to the jury instructions.

¶8    The district court then provided the jury with a verdict form and a special verdict form. The verdict form asked whether the jury unanimously found Ellis guilty of aggravated robbery. The special verdict form asked whether the jury unanimously found beyond a reasonable doubt that Ellis used a dangerous weapon "[i]n the commission or furtherance of the Aggravated Robbery." The jury answered "yes" on each form, thereby convicting Ellis of aggravated robbery, with an enhancement for using a dangerous weapon.

¶9    Ellis appeals.

## ISSUES AND STANDARDS OF REVIEW

¶10    Ellis raises two issues. First, he claims that the district court erred when it refused to strike Juror 30 for cause. "[A] trial court's determination of whether to excuse a prospective juror for cause should not be reversed absent an abuse of discretion." *State v. Wach*, 2001 UT 35, ¶ 25, 24 P.3d 948.

¶11    Second, Ellis argues that the court erred in giving Instruction 34. Claims of error in jury instructions are ordinarily reviewed for correctness. *See State v. Weaver*, 2005 UT 49, ¶ 6, 122 P.3d 566. But because Ellis did not object to the jury instructions at trial, he has not preserved this issue, and we review it for plain error.[5] *See id.*

---

5. Ellis also argues that the cumulative effect of the errors warrants reversal. Under the doctrine of cumulative error "we will reverse a jury verdict or sentence only if the cumulative effect of the several errors undermines our confidence that a fair trial was had." *State v. Martinez-Castellanos*, 2018 UT 46, ¶ 39, 428 P.3d 1038 (quotation simplified). Because we see no error—actual or assumed—that harmed Ellis, much less more than one,

(continued…)

ANALYSIS

I. Jury Selection

¶12 Ellis asserts that the district court abused its discretion in denying his motion to remove Juror 30 for cause. "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Constitution was violated." *State v. Menzies*, 889 P.2d 393, 398 (Utah 1994) (quotation simplified), *superseded on other grounds by constitutional amendment as stated in State v. Goins*, 2017 UT 61, 423 P.3d 1236. Rather, "[t]o prevail on a claim of error based on the failure to remove a juror for cause, a defendant must demonstrate prejudice, *viz.*, show that a member of the jury was partial or incompetent." *Id.* Even assuming that the district court erred in denying Ellis's motion, Ellis has not demonstrated that he suffered prejudice from this alleged error.

¶13 On the contrary, Ellis concedes that the empaneled jurors were not biased or incompetent, but he nonetheless asserts that he was still prejudiced by this error "because he was forced to use a peremptory strike to cure it." This would ordinarily be the end of the inquiry, given that *Menzies* categorically rejected this rationale,[6] but Ellis asserts that the standard requiring him to

---

(…continued)
there are no errors to cumulate and the doctrine is inapplicable. *See id.* ¶ 35.

6. In 1975, our Supreme Court held that a party "should not be compelled to waste [a peremptory challenge] in order to accomplish that which the trial judge should have done." *Crawford v. Manning*, 542 P.2d 1091, 1093 (Utah 1975), *overruled by State v. Menzies*, 889 P.2d 393 (Utah 1994). In essence, under *Crawford* prejudice was presumed when a defendant was forced to use a peremptory challenge to remove a juror who should have been removed for cause. This regime, to which Ellis would

(continued…)

show that an actually biased or incompetent juror sat violates his rights under the Uniform Operation of Laws provision of the Utah Constitution, *see* Utah Const. art. 1, § 24, and "requests that [we] allow him to show prejudice in an alternative fashion."

¶14 Ellis raises his Uniform Operation of Laws argument for the first time on appeal. Even assuming any error on the part of the district court was not invited, as the State argues, and further assuming that the State is wrong in suggesting the issue was not sufficiently preserved to allow Ellis to make this argument on appeal, we are not persuaded that he is entitled to a new trial under this theory.

¶15 We have considerable doubt that the Uniform Operation of Laws clause even applies in this case,[7] but assuming that it

---

(…continued)

have us return, was the law in Utah for nearly two decades. It admittedly has a certain logic to it. But the Court explicitly and unqualifiedly overruled *Crawford* in *State v. Menzies*, 889 P.2d 393 (Utah 1994), holding that the loss of a peremptory challenge alone was not sufficient to prejudice a party and did not violate the constitution; in such cases, parties are required to demonstrate prejudice, i.e., to "show that a member of the jury was partial or incompetent." *Id.* at 398.

7. Utah's Uniform Operation of Laws clause proscribes the practice of classifying persons and treating them differently "to the detriment of some of those classified" when compared to similarly situated persons. *State v. Outzen*, 2017 UT 30, ¶ 16, 408 P.3d 334 (quotation simplified). Thus, a statute violates the Uniform Operation of Laws clause when it "works a discriminatory hardship on an identifiable group of persons who were singled out for treatment different from that to which other identifiable groups were made subject," *State v. Drej*, 2010 UT 35, ¶ 36, 233 P.3d 476 (quotation simplified), and that disparity is "unreasonable in relation to the purpose of the

(continued…)

does and that Ellis was deprived of his right to the uniform operation of law, Ellis still would be required to show prejudice under our normal standards. Rule 30(a) of the Utah Rules of Criminal Procedure dictates that "[a]ny error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded." And "our Supreme Court has held that

---

(…continued)

statute," *State v. Mohi*, 901 P.2d 991, 998 (Utah 1995). Ellis posits that the *Menzies* prejudice standard creates two classes of defendants once a for-cause challenge is erroneously rejected by a trial court. One class is those who choose to mitigate the error by using a peremptory strike on the challenged juror, and the other class consists of those who use a peremptory strike on someone else.

As the State points out, these "classes" are not creatures of statute or rule, and thus are not "laws of a general nature" requiring uniform operation. *See* Utah Const. art. I, § 24. In other words, Ellis's suggested classification is not one created by law but, rather, by a defendant's own choice. Ellis was free to use his peremptory strike against any other prospective juror and thereby move into the class of defendants choosing not to mitigate the prejudice resulting from the trial court's allegedly erroneous decision not to excuse Juror 30 for cause. But he instead—and sensibly—elected to strike Juror 30, the only remaining prospective juror he had challenged for cause, leaving him five more peremptory strikes. Because any alleged classification between the mitigating and nonmitigating defendants is triggered by a defendant's own actions and not by a rule or law of general application, we tend to agree with the State that the *Menzies* rule on prejudice is neutral, both facially and in operation, and does not appear to create classes with discriminatory effect. While we applaud Ellis's creativity in endeavoring to get around the once-controversial *Menzies* decision on this rationale, we are, indeed, skeptical that the Uniform Operation of Laws clause has any applicability in this context.

this ordinarily requires a defendant to show that, absent the [error], there is a reasonable likelihood of a more favorable result for the defendant." *State v. Ahmed*, 2019 UT App 65, ¶ 17, 441 P.3d 777 (quotation simplified). In cases of constitutional error, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."[8] *State v. Maestas*, 2012 UT 46, ¶ 56, 299 P.3d 892 (quotation simplified).

¶16 Here, Ellis argues that he should be allowed to establish prejudice by showing that "but for the expended peremptory strike it is reasonably likely that the juror challenged for cause would have sat and . . . the challenged juror would have been actually biased had she sat." But this is not the applicable prejudice standard. Ellis is required to show that there would be a "reasonable likelihood of a more favorable result for [him]" at trial had he not been forced to use his peremptory challenge on Juror 30. *See Ahmed*, 2019 UT App 65, ¶ 17 (quotation simplified). He cannot make that showing because, as he concedes, the jury that actually sat was not biased or incompetent. Thus, the result at trial would have remained unchanged even if he had had an additional peremptory challenge to use on a juror other than Juror 30. An unbiased jury would have sat either way. And even under the higher "harmless beyond a reasonable doubt" standard applied to cases involving constitutional error, *see Maestas*, 2012 UT 46, ¶ 56, Ellis's argument still fails for that same reason. Assuming the district court violated the Uniform

---

8. There is a small class of cases in which we presume prejudice where there was an egregious constitutional error. *See Johnson v. United States*, 520 U.S. 461, 468–69 (1997) (identifying the "very limited class of cases" when prejudice is presumed: "a total deprivation of the right to counsel," "lack of an impartial trial judge," "unlawful exclusion of grand jurors of defendant's race," "the right to self-representation at trial," "the right to a public trial," and an "erroneous reasonable-doubt instruction to jury").

Operation of Laws clause when it declined to remove Juror 30 for cause, the error was harmless beyond a reasonable doubt because, again, there is no suggestion that a biased or incompetent juror sat on the jury. And finally, we do not presume prejudice here because it is not one of the "very limited" cases that merit that treatment as itemized in *Johnson v. United States*, 520 U.S. 461, 468–69 (1997).

## II. Jury Instructions

¶17    Ellis asserts that Instruction 34 was erroneous. Because Ellis did not preserve this issue below, he asks us to review it for plain error. *See State v. Ringstad*, 2018 UT App 66, ¶ 32, 424 P.3d 1052. "To demonstrate plain error, [Ellis] must show that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant, or phrased differently, our confidence in the verdict is undermined." *State v. Seumanu*, 2019 UT App 90, ¶ 42, 443 P.3d 1277 (quotation simplified). Here, Ellis cannot show error on the part of the district court, let alone obvious error.

¶18    When dealing with an allegedly flawed jury instruction, we must look at the instructions as a whole and determine whether they "fairly instruct the jury on the law applicable to the case," and "the fact that one of the instructions, standing alone, is not as accurate as it might have been does not amount to reversible error." *State v. Kennedy*, 2015 UT App 152, ¶ 24, 354 P.3d 775 (quotation simplified). "Thus, we will affirm when the combined instructions fairly instruct the jury on the applicable law." *Id.*

¶19    Ellis asserts that the district court "plainly erred by giving a misleading instruction that incorrectly described a situation in which the jury could not acquit [him] of aggravated robbery." Specifically, Ellis takes issue with the following language in Instruction 34:

> The law does not require you to make these determinations in any particular order. However, you cannot find the defendant not guilty of Aggravated Robbery and yet find the State has proven beyond a reasonable doubt that the defendant used a dangerous weapon in the commission or furtherance of the Aggravated Robbery.

¶20 Ellis claims that this language "allowed the jury to find, as a threshold matter, that a dangerous weapon was used in furtherance of the aggravated robbery—even if they had not yet found [him] guilty of the underlying crime."[9] We disagree. When read as a whole, the jury instructions correctly informed the jury how to approach the aggravated robbery charge and the applicable enhancement.

¶21 An aggravated robbery is completed whenever a "person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft or wrongful appropriation," Utah Code Ann. § 76-6-301(1)(b) (LexisNexis

---

9. The logic of the argument is questionable given that Ellis acted alone and the only theory of aggravation was that a dangerous weapon was used—not that injury was inflicted or a vehicle was taken. *See* Utah Code Ann. § 76-6-302(1) (LexisNexis 2017) ("A person commits aggravated robbery if in the course of committing robbery, he . . . uses or threatens to use a dangerous weapon . . . ; causes serious bodily injury upon another; or . . . takes or attempts to take an operable motor vehicle."). How could the jury have found him guilty of using a dangerous weapon "in the commission or furtherance of the Aggravated Robbery" while simultaneously finding him innocent of the aggravated robbery?

2017),[10] and "in the course of committing robbery, [the person] uses or threatens to use a dangerous weapon . . . ; causes serious bodily injury upon another; or . . . takes or attempts to take an operable motor vehicle," *id.* § 76-6-302(1)(a)–(c). The sentence for the crime shall be enhanced "[i]f the trier of fact finds beyond a reasonable doubt that a dangerous weapon was used in the commission or furtherance of [the aggravated robbery]." *Id.* § 76-3-203.8(2). In other words, the sentence for aggravated robbery will be enhanced if the robbery is deemed aggravated because a dangerous weapon is used rather than because serious bodily injury was inflicted or because a vehicle was taken.

¶22 Instruction 34 provided a roadmap to help the jury determine the special verdict, that is, to determine whether the enhancement would apply if the jury found Ellis guilty of aggravated robbery. And although the language Ellis takes issue with in Instruction 34 could have been drafted more clearly to explain aggravated robbery and the enhancement, when looking at the entirety of Instruction 34 and the other jury instructions, it was not erroneous. Ellis isolates and emphasizes two sentences to advance his argument, but Instruction 34, after the complained-of language, specifically informed the jury, with our emphasis, that it could only find on the special verdict form that "the defendant used a dangerous weapon in the commission or furtherance of the Aggravated Robbery *if you also find* the defendant guilty of that Aggravated Robbery." *See supra* note 9.

¶23 Instruction 34's language informed the jury that it could consider the question of whether Ellis used a dangerous weapon during the commission of a felony only if it found him guilty of the aggravated robbery. Furthermore, Instruction 46 directed the jury that if it "determine[d] beyond a reasonable doubt that [Ellis] committed Aggravated Robbery, [it] must complete the

---

10. Because the statutory provisions in effect at the relevant time do not differ in any material way from the current code, we cite the current code for convenience.

special verdict form." This language again reinforced to the jury that it could move onto the enhancement question only if it first found Ellis guilty of aggravated robbery, although in the context of this case, the two necessarily rose and fell together. These instructions did not lead to "a situation in which the jury could not acquit" Ellis of aggravated robbery, as Ellis claims, because the instructions consistently directed the jury that it could not determine the enhancement if it acquitted Ellis of the aggravated robbery charge. Moreover, Instruction 42 provided that to find Ellis guilty of aggravated robbery, the jury had to find beyond a reasonable doubt that Ellis (1) "[i]ntentionally or knowingly used force or fear of immediate force against another in the course of committing a theft or wrongful appropriation" and (2) while committing this act, "used or threatened to use a dangerous weapon." This unmistakably informed the jury that if it did not find that Ellis used a dangerous weapon, it could not find him guilty of aggravated robbery.[11]

¶24  When read in their entirety, the "instructions fairly instruct[ed] the jury on the applicable law." *See State v. Kennedy*, 2015 UT App 152, ¶ 24, 354 P.3d 775. *See also State v. Hutchings*, 2012 UT 50, ¶ 25, 285 P.3d 1183 ("Jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might.") (quotation simplified). Therefore, there was no error in the jury instructions,

---

11. Significantly, no part of Ellis's defense strategy was that he could be guilty of only simple robbery because he had not used a dangerous weapon in the crime's commission. He testified that not only was he nowhere near the store, but he "didn't know [the store] existed" and was instead driving his daughter to basketball practice and calling on a friend in another part of town at the time of the robbery. He offered no explanation for how his car would have been observed leaving the scene of the crime while he was driving it several miles distant from the store while running innocent errands.

let alone an error so obvious that the district court should have rectified it without Ellis calling the court's attention to the error.

CONCLUSION

¶25    Ellis's argument that he was prejudiced by the district court's denial of his motion to strike Juror 30 for cause is unavailing because he cannot show that the jury that sat included a biased or incompetent juror. And we reject Ellis's claim that Instruction 34 incorrectly informed the jury on the applicable law because the instructions, when taken as a whole, correctly stated the law.

¶26    Affirmed.

_____