496 P.2d 270

The STATE of Utah, Plaintiff and Respondent,

v.

Otis D. SANDERS, Defendant and Appellant.

No. 12652.

Supreme Court of Utah.

April 19, 1972.

John D. O'Connell, of Kinghorn, Ober-hansly & O'Connell, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Larry V. Lunt, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Otis D. Sanders was on April 1, 1971, convicted by a jury of the crime of robbery of messengers taking money from Auerbach's store in Ogden to the Commercial Security Bank at about 9:20 P.M. on December 16, 1970. A motion for a new trial was granted, and on July 30, 1971, a jury again returned a verdict of guilty. Defendant appeals seeking to overturn the conviction on (1) errors in ruling upon the admission of evidence, and (2) refusing to give requested instructions to the jury.

Detective Arden K. Greenwood showed the messenger boys a number of photographs of possible suspects in the robbery, including one which had been taken of the defendant seven years previously. However, the boys did not then make an identification. Two days later the boys were again shown photographs, which included the same photograph of defendant and of four other persons. This time they picked out defendant: "This one looks familiar." Another two days later, December 22, Detective Greenwood arranged a line-up. Each boy, viewing independently of the other, seeing the defendant in person in the line-up, identified him as the man who held the gun in the robbery. At both trials, the messenger boys testified to being accosted on the street and robbed by four or five persons, one of which looked like a girl,

and that the defendant was the one who held the gun.

Defendant undertook to present evidence that the robbery was committed by four individuals other than himself: Albert Ross, Randolph Carpenter, and two brothers, George and Larry Persons. The defense called the first two as witnesses, and upon being questioned, each claimed his privilege of not testifying on the ground of self-incrimination. The two Persons brothers could not be found by either party at the time of trial. (It appears likely that they were avoiding process.) Error is charged in excluding testimony about out-of-court statements made by these Persons brothers.

Shortly following the first trial, April 9, 1971, John B. Hutchinson, then counsel for defendant Sanders, with his law partner, and the defendant, went to the State Industrial School where they interviewed George Persons. The latter told them about his own complicity in the robbery; said he was dressed like a girl; named as other participants his brother Larry, Randolph Carpenter and Albert Ross, and excluded the defendant O. D. Sanders. At the time of the second trial, Mr. Hutchinson had withdrawn as counsel for the defendant, and took the stand as a defense witness. Upon the proffer to present through Mr. Hutchinson the story of George Persons just delineated, and proper objections thereto, the trial court ruled, and so instructed Mr. Hutchinson, that he could testify to statements made by George Persons which tended to incriminate himself, but not to testify to matters which named other persons by name.

Defendant argues that such evidence was admissible under one of the well-known exceptions to the basic rule which excludes hearsay evidence, now adopted as one of the Rules of Evidence in this state,[1] as set forth in Rule 63(10):

> . . . a statement which the judge finds was made by a declarant [George Persons] who is unavailable as a witness and which * * * subjected him to civil or criminal liability or * * * created such risk of making him an object of hatred, ridicule or social disapproval that the declarant under the circumstances existing would not have made the statement unless he believed it to be true. . .

In implementation of his argument defendant also proffered testimony by Mr. Hutchinson that in his opinion a young black would incur serious social disapproval by implicating his brother and friends in a crime.

▮▮▮ The argument made is not without some plausibility. It is a commonly known fact that being "an informer" or

1. Rules of Evidence, As Adopted By The Supreme Court of Utah, Effective July 1, 1971.

"tattling" to blame others for committing a crime is generally looked upon with disfavor, particularly among those who seem to be at odds with "the establishment." However, it will be noted that the rule quoted above places the responsibility upon the trial court to determine the facts upon which the admission of the hearsay evidence depends. In doing so, it is his duty and his prerogative to look to the total circumstances. In that connection it is to be had in mind that the most fundamental rule of evidence is that testimony should be given under oath in open court. The admission against interest exception allows a witness to relate an out-of-court statement which may subject himself to criminal responsibility or otherwise disgrace himself because experience teaches that it is unlikely that he would so declare unless it were true.

■ The contention here made would extend that exception one step further, to include admissions that may impute crime to others, if that would make the declarant subject to hatred, ridicule or social disapproval. The rule relied on has validity under proper circumstances, but it should be. applied with caution. The trial court may well have thought that there were various possible motivations for George Persons' making the statement. Among these: the fact that he may or may not have had concern for his brother and the other persons named, and that he may have had concern for assisting the defendant.

It is also to be noted that inasmuch as George's statement about his participation with others in committing the crime, and expressly excluding the defendant O. D. Sanders, was in fact received, the omission of identification of the others by name might neither add nor detract a great deal from the effect of that evidence. In the light of the total circumstances, we do not believe that the trial court committed prejudicial error in allowing Mr. Hutchinson to testify to the out-of-court statements made by George Persons describing his own participation in the crime, but in not permitting identification of the other persons by name.

■ The attempt to introduce hearsay evidence through Attorney Hutchinson results in a further assignment of error. The trial court sustained an objection to his testimony concerning an alleged "silent admission" or admission by conduct, by the other brother, Larry Persons. The proffer was that the witness and others had on April 13, 1971, visited Larry at the Weber County jail where he was incarcerated; and that Larry was shown the written statement signed by his brother George, which implicated Larry in the robbery. According to Mr. Hutchinson's observation, Larry Persons' reaction was one of anger, but he made no statement concerning the accusations against him.

■ It is recognized that there are some circumstances where such an admission can be made by conduct, a showing of which would be competent evidence. However, for the same reasons stated above, this exception to the rule requiring sworn testimony should be applied with caution; and even more so because there is involved the uncertainty of interpreting the conduct. This character of evidence should be allowed only when the trial judge is satisfied that it constitutes a clear and unequivocal expression and is therefore a credible substitute for verbal expression.[2] The stated facts concerning Larry remaining silent and indicating what the witness interpreted as anger could well be regarded by the trial court as so ambiguous as to whether he agreed or disagreed with the accusations against him that it lacked the degree of probative value and credibility to justify receiving it in evidence.[3]

■ Defendant made a similar attempt to show commission of the crime by the four persons above named, and not by the defendant, by hearsay statements allegedly made by another of the claimed participants, Albert Ross, to a witness Sterling Harris. Harris testified that on the night of the robbery he picked up Ross in his car. After going to Harris's home they went to a parking lot where Ross picked up a money bag which was buried in a snowbank. Meanwhile Ross described the robbery to Harris. For the same reasons hereinabove stated, we think the trial court was justified in ruling that in relating the hearsay statements of Albert Ross, they should be limited to Ross's own participation in the crime, but should not identify the others by name.

■ With respect to the testimony of Sterling Harris, defendant further contends that the declarations of Albert Ross were admissible under other exceptions to the hearsay Rule 63(4): as spontaneous explanations, and/or were statements admissible under subparagraph (b) . . . "which the judge finds was made while the declarant [Albert Ross] was under the stress of a nervous excitement caused by such perception . . ." The trial court did not believe that those conditions existed and the evidnce does not compel a contrary conclusion.

■ What has been said above is also applicable to defendant's further contention with respect to subsection 9 of Rule

2. See Rule 62(1), Utah Rules of Evidence (1971); also see State v. Erwin, 101 Utah 365, 120 P.2d 285 (1941).

3. Fowle v. United States, 410 F.2d 48 (9th Cir. 1969) . . . since innocent and guilty alike may choose to stand mute, silence, even in the face of accusation, is highly ambiguous; hence, proof of such former silence should be excluded under universally recognized principles of evidence.

63, another exception to the hearsay rule, which allows an out-of-court statement:

> . . . if . . . the party and the declarant were participating in a plan to commit a crime . . . and the statement was relevant to the plan or its subject matter and was made while the plan was in existence and before its complete execution or other termination.

In the context of that rule Sterling Harris could not in any sense be deemed "a party" who was "participating in a plan to commit a crime" (which, incidentally, had already been committed) with Albert Ross.

▆▆ Defendant assigns error in allowing Detective Greenwood to testify that on April 21, 1971, and thus about ten days after George Persons had allegedly signed the affidavit above referred to for Mr. Hutchinson, that George said that he had not read and did not know its contents. This was not error because it is proper to allow as rebuttal any testimony which would tend to dispute, explain or minimize the effect of evidence that has been given by one's opponent.

▆▆ Moving from the errors relating to the *exclusion* of evidence, defendant assigns error in *admitting* in evidence the $718 in currency he had on his person at the time of his arrest. It is true that money is not unique, and money, sometimes even considerable sums of it, may be found in the possession of anyone. Therefore, the possession of money in and of itself does not necessarily indicate connection with a crime. In order that it be regarded as such evidence, there must be shown some circumstance in connection therewith from which reasonable minds acting fairly thereon would believe that it tended to connect the accused with the commission of the crime charged, such as, for example, that the money was marked, or that it was of the same amount and/or same denominations of currency, or that they correspond in a very close way. One such circumstance, which has application in this case is a showing of a sudden possession of money, which the accused did not formerly have, or would not normally have. The defendant admitted that he had not held a job for nearly a year. He claimed that he had won the money by gambling. This neither the court nor the jury were obliged to believe. In light of the facts stated, and that defendant was identified as the gunman in the robbery, the evidence was properly admitted and its probative value was for the jury to determine.

▆▆ The final claim of error is that the trial court refused to give a requested instruction cautioning the jurors about unreliability of eyewitness identification.

**362**

The law of this state is that where the trial is to the jury, the court does not comment upon the evidence.[4] It should be here acknowledged that this does not prevent the trial court from including in his instructions general statements concerning certain types of evidence, nor concerning the burdens of proof and the sometimes varying degrees of proof required. But it does enjoin him from commenting on the quality or credibility of the evidence in such a way as to indicate that he favors the claims or the position of either party. This is necessarily so in order not to intrude upon the prerogatives of the jury as the exclusive judges of the credibility of the evidence and determiners of the facts. It may be true, as counsel argues, that eyewitness identification has its frailities; and that they are more exaggerated where whites identify blacks. However, this is an argument which goes to the weight and the credibility of evidence and was therefore properly addressed to the jury. We see no error in the reluctance of the trial court to "get into the act" by refusing the requested instruction.

Having found no error to justify reversing the conviction, it is affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

4. Rule 51, U.R.C.P.; State v. Rosenbaum, 22 Utah 2d 159, 449 P.2d 999.