2006 UT App 178

**STATE of Utah, Plaintiff and Appellee,**

v.

**Bobby C. HARPER, Defendant and Appellant.**

**No. 20050275–CA.**

Court of Appeals of Utah.

May 4, 2006.

Jon J. Bunderson, Bunderson & Baron, Brigham City, for Appellant.

Mark L. Shurtleff, Atty Gen., and Jeanne B. Inouye, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., DAVIS and THORNE, Jr., JJ.

## OPINION

BENCH, Presiding Judge:

¶ 1 Defendant Bobby C. Harper appeals his conviction of two counts of aggravated sexual abuse of a child, a first degree felony in violation of Utah Code section 76–5–404.1(4). *See* Utah Code Ann. § 76–5–404.1(4) (2003). We affirm.

## BACKGROUND

¶ 2 J.H. alleges that Harper sexually abused her at her home. At the time, J.H. was eleven years old and lived with her mother and her mother's live-in boyfriend, Kelly Biddle. On February 24, 2001, Biddle's friend, Harper, and J.H.'s friend, Bailey, were invited to stay the night with the family. J.H. and Bailey slept in J.H.'s bedroom. J.H. stated that twice during the night Harper entered her room and inserted his fingers into her vagina. Harper denied the charges and explained to the investigator that he entered J.H.'s room merely to turn off her lamp.

¶ 3 At trial, the court gave preliminary and final jury instructions. The court discussed the preliminary instructions, 1–19, with counsel before trial. Instructions 2 and 3 were not in the instruction packet at that time, but were located after the discussion and given to the jury with the rest of the preliminary instructions. Just before closing arguments, the court discussed the final jury instructions, 20–30, with counsel. Defense counsel

objected to the omission of a "tender years" instruction, which the court overruled. When the court asked counsel if they had any further objections to the final instructions, defense counsel answered, "No objections from the defense."

¶ 4 During the trial, the State called Biddle to testify. On cross-examination, defense counsel asked Biddle some questions about Harper's character. Biddle's answers were unanticipated and prejudicial to Harper. Defense counsel did not move for a mistrial, request that the testimony be stricken, or ask for a curative instruction. Defense counsel also questioned Biddle about J.H.'s allegations. Biddle answered that he did not initially believe J.H. because she had lied in the past. On redirect, the State clarified the issue by asking whether Biddle now believed J.H.'s allegations and allowed him to explain why his opinion changed.

¶ 5 During closing arguments, defense counsel commented on the presence of Bailey in the courtroom and the State's choice not to call Bailey to testify. The State responded in its closing arguments that the defense also had the ability to call Bailey and did not. The jury convicted Harper of two counts of aggravated sexual abuse of a child. Harper now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Harper first asserts that the jury instructions misstated the law and confused the jury. Harper did not raise this issue below and now claims plain error and manifest injustice on review. *See State v. Halls,* 2006 UT App 142,¶ 14 (" '[M]anifest injustice' [as used in rule 19(e) of the Utah Rules of Criminal Procedure] has been defined as being 'synonymous with the "plain error" standard.' " (citations omitted)).

¶ 7 Second, Harper argues that the trial court erred in allowing the State to introduce character evidence during redirect examination regarding the victim's truthfulness on a particular occasion. Harper did not raise this issue below and now claims plain error.

*See State v. Weaver,* 2005 UT 49,¶ 18, 122 P.3d 566 (stating that there are three instances when an issue may be raised for the first time on appeal: plain error, ineffective assistance of counsel, and exceptional circumstances).

¶ 8 Third, Harper contends that because the State had better access to a witness, it improperly commented on the absence of that witness. Harper admits in his brief that "this issue was not preserved at trial." On appeal, Harper does not assert plain error, ineffective assistance of counsel, or exceptional circumstances as required for us to address it. *See id.*

¶ 9 Fourth, Harper argues that the trial court improperly denied his request to include a "tender years" jury instruction. This is a question of law that we review for correctness, giving no deference to the trial court's conclusions. *See State v. Snyder,* 932 P.2d 120, 125 (Utah Ct.App.1997) (stating that "[w]hether the trial court erred in not giving a cautionary eyewitness instruction to the jury is a question of law").

¶ 10 Fifth, Harper claims that defense counsel, after eliciting unanticipated prejudicial testimony, should have moved for a mistrial, requested the testimony be stricken, or asked the court for a curative instruction. Harper did not raise this issue below, but now asserts plain error and ineffective assistance of counsel. *See Weaver,* 2005 UT 49 at ¶ 18, 122 P.3d 566.

¶ 11 Finally, Harper argues that the cumulative effect of the errors, even if individually regarded as harmless, should result in reversal. *See State v. Palmer,* 860 P.2d 339, 350 (Utah Ct.App.1993).

## ANALYSIS

### I. Jury Instructions

¶ 12 Harper asserts that the jury instructions misstated the law, resulting in prejudice. First, Harper argues that Instruction 21 is an incorrect statement of the law.[1] Harper did not raise this issue below,

---

1. Instruction 21 provides that "[f]or purposes of the charge of Aggravated Sexual Abuse of a Child, you are instructed that any touching, even if accomplished through clothing, is sufficient to constitute the relevant elements of the offense."

and therefore asks us to review the alleged error under "the plain error/manifest injustice doctrine." *State v. Malaga*, 2006 UT App 103, ¶ 8, 547 Utah Adv. Rep. 19, 132 P.3d 703; *see also* Utah R.Crim. P. 19(e) ("Unless a party objects to an instruction …, the instruction may not be assigned an error except to avoid a manifest injustice."). When the court presented final jury instructions 20–30 to counsel for approval, defense counsel stated that he had no objections. Because defense counsel invited the alleged error, we are precluded from examining Harper's plain error/manifest injustice claim. *See Malaga*, 2006 UT App 103 at ¶ 8, 132 P.3d 703 (citing *State v. Hamilton*, 2003 UT 22, ¶ 54, 70 P.3d 111 (holding that the jury instruction may not be assigned error "if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction")).

¶ 13 Harper also asserts that Instruction 3 is incorrect because it does not list the aggravating factor of penetration as an element.[2] As with Instruction 21, Harper did not raise this issue below and "we review the jury instruction[ ] under the plain error/manifest injustice doctrine." *Id.* To establish plain error, Harper must show: "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993).

¶ 14 "Jury instructions must be read and evaluated as a whole." *State v. Larsen*, 876 P.2d 391, 396 (Utah Ct.App. 1994). "[I]f taken as a whole they fairly instruct the jury on the law applicable to the case, the fact that one of the instructions, standing alone, is not as accurate as it might have been is not reversible error." *Id.* Although Instruction 3 did not include the aggravating element of penetration, Instruction 23 provides that "[i]f the Defendant is found guilty of Sexual Abuse of a Child, that offense is aggravated if the prosecution proves

beyond a reasonable doubt: that the Defendant caused the penetration, however slight, of the genital or anal opening of the child by any part of the Defendant's body." Further, Instruction 24 provides that "[f]or the purpose of the charge of Aggravated Sexual Abuse of a Child, you are instructed that any penetration of the genital opening of the child, however slight, is sufficient to constitute the relevant element of the offense." When the instructions are read as a whole, each element and the required burden of proof are addressed.

¶ 15 Further, the record in this case reflects that any alleged error in the jury instructions was harmless. Neither the State nor Harper presented evidence to establish the lesser-included offense of sexual abuse on a child. Based on the evidence presented, either Harper committed aggravated sexual abuse of a child or he did not commit any abuse of the victim. We conclude that the jury, in convicting Harper, found all the elements of aggravated sexual abuse of a child. Therefore, any alleged error in the jury instructions was harmless. *See State v. Loose*, 2000 UT 11, ¶ 10 n. 1, 994 P.2d 1237 ("We do not reverse a trial court for committing harmless error.").

## II. Improper Rebuttal Evidence

¶ 16 Harper asserts that the State introduced improper character evidence on redirect examination. Because Harper did not object at trial, he now claims that the trial court plainly erred in allowing such evidence. *See Dunn*, 850 P.2d at 1208.

¶ 17 On cross-examination, Biddle testified that he did not initially believe J.H.'s allegations because she had lied to him in the past. On redirect examination, the following dialogue took place:

Q. [by the Prosecutor] Counsel asked you if you believed … [J.H.] at first and you said no, you didn't?

A. Right.

---

2. Instruction 3 provides that

[t]o prove that Defendant committed the offense of Aggravated Sexual Abuse of a Child, a felony of the first degree, the prosecution must prove beyond a reasonable doubt each of the following elements for each count: 1. That the

Defendant, Bobby Harper, touched the anus, buttocks, or genitalia of a child younger than fourteen years of age, or 2. Did otherwise take indecent liberties with said child; and 3. That the Defendant did so with the intent to arouse or gratify the sexual desires of any person.

Q. Do you believe her now?

A. Yes.

Q. Tell us why.

A. Um, just the emotion that comes into her face and the trauma when I look at her, when we discuss this with her.

¶ 18 Harper asserts that pursuant to rule 608(a) of the Utah Rules of Evidence, this redirect testimony of truthfulness on a specific occasion is inadmissible. *See* Utah R. Evid. 608(a)(1). However, Harper opened the door to the evidence in cross-examination. *See State v. Levin*, 2004 UT App 396,-¶¶ 24, 26–27, 101 P.3d 846 (stating that defendant opened the door to evidence of prior drug convictions "by testifying that 'I don't smoke marijuana' "), *cert. granted*, 123 P.3d 815 (Utah 2005); *State v. Ramos*, 882 P.2d 149, 154 (Utah Ct.App.1994) (stating that "defendant cannot on appeal attack the admission of the photograph because he himself opened the door to its introduction on cross-examination"). Further, "[i]t is proper to allow ... any testimony which would tend to dispute, explain or minimize the effect of evidence that has been given by one's opponent." *State v. Sanders*, 27 Utah 2d 354, 496 P.2d 270, 274 (1972).

■ ¶ 19 In this case, Harper introduced the evidence that Biddle did not initially believe J.H.'s story and the reasons for his disbelief. Because Harper raised the issue of whether Biddle believed J.H.'s story, the State could "minimize the effect of [that] evidence." *Id.* Further, any error in allowing this redirect testimony would not have been obvious to the trial court as Harper first opened the door to the evidence. *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)(requiring defendant to establish that "the error should have been obvious to the trial court" to prevail on a plain error claim). Therefore, we conclude that the trial court did not plainly err. *See id.*

### III.  Improper Closing Arguments

■ ¶ 20 Harper contends that because the State had better access to a particular

witness, it improperly commented during its closing arguments on the absence of that witness. This issue was not preserved at trial, and Harper fails to assert plain error, ineffective assistance of counsel, or exceptional circumstances on appeal. We therefore do not consider this issue. *See State v. Weaver*, 2005 UT 49,¶ 18, 122 P.3d 566.[3]

### IV.  Tender Years Instruction

■ ¶ 21 Harper argues that the trial court erred by failing to include a "tender years" instruction. " 'When a defendant predicates error to this [c]ourt, he has the duty and responsibility to support such allegation by an adequate record.' " *State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988) (quoting *State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982)). The proposed tender years instruction is not in the record before this court. Therefore, we cannot determine if the trial court erred by not including such an instruction.

### V.  Unanticipated Testimony

■ ¶ 22 Harper asserts that defense counsel performed deficiently after eliciting unanticipated prejudicial testimony. On cross-examination of Biddle, the following dialogue took place:

Q. [by defense counsel] Going back to my question, prior to this time when this allegation came forward, what was his reputation for honesty?

A. I don't know. I've never had to question it. Or rather, I didn't question it.

Q. And that was because it was never an issue?

A. Yes.

Q. You just always trusted Bobby Harper?

A. Yes.

Q. Okay. Prior to that time had you ever heard him accused of anything of this nature?

A. I'd heard it a couple of times.

---

**3.** Even if we considered this argument, it would fail. Defense counsel noted in closing arguments that the State did not call Bailey as a witness. Because the defense "opened the door," the State's comments in its closing arguments that the defense also did not call Bailey to testify were not erroneous. *See State v. Ramos*, 882 P.2d 149, 154 (Utah Ct.App.1994).

Q. You had?

A. Yes.

Q. Did you report those to the police?

A. No. It was just word on the street.

Q. Word on the street. So nothing you could verify?

A. Right.

¶ 23 To establish ineffective assistance of counsel, Harper must show: "(1) that counsel's performance was objectively deficient, and (2) a reasonable probability exists that but for the deficient conduct defendant would have obtained a more favorable outcome at trial." *State v. Clark,* 2004 UT 25, ¶ 6, 89 P.3d 162. "Because of the difficulties inherent in making the evaluation, ... the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quotations and citations omitted).

¶ 24 Because the testimony was unanticipated, Harper concedes that defense counsel was not deficient in asking the particular questions. Harper asserts, however, that his counsel was deficient by not moving for a mistrial, requesting that the testimony be stricken, or asking the court for a curative instruction.

¶ 25 Defense counsel may reasonably have believed it ill-advised to call undue attention to the unanticipated testimony. Therefore, defense counsel's actions in ignoring the testimony may be considered sound trial strategy. *See State v. Colonna,* 766 P.2d 1062, 1067 (Utah 1988) (holding that in addition to finding no harm in counsel's failure to move for a mistrial, it is also "conceivable that counsel made a deliberate and wise tactical choice in not focusing jury attention on [the statements] by objecting"); *State v. Harmon,* 956 P.2d 262, 269 (Utah 1998) (noting that defense counsel declined a curative instruction during trial "because he did not want to draw the jury's attention" to elicited statements). Because defense counsel's actions

could reasonably constitute sound trial strategy, Harper's ineffective assistance of counsel claim fails.[4] *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

## VI. Cumulative Error

¶ 26 Finally, Harper suggests that "even if each [alleged error] standing alone is considered harmless," reversal is required because of their cumulative effect. This doctrine requires reversal "only if the cumulative effect of several errors undermines our confidence ... that a fair trial was had." *State v. Dunn,* 850 P.2d 1201, 1229 (Utah 1993) (omission in original) (quotations and citations omitted). We conclude that the errors, if any, did not deny Harper of his right to a fair trial.

## CONCLUSION

¶ 27 We affirm the conviction of two counts of aggravated sexual abuse of a child.

¶ 28 WE CONCUR: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.

---

4. Harper also asserts that "[t]he fact that the jury heard this evidence should be analyzed as plain error." However, because defense counsel appears to have "made a conscious decision to refrain from objecting or has led the trial court into error, we will then decline to save that party from the error." *State v. Bullock,* 791 P.2d 155, 158 (Utah 1989).