2007 UT 55

**STATE of Utah, Plaintiff and Respondent,**

v.

**Graham AUSTIN, Defendant and Petitioner.**

State of Utah, Plaintiff and Respondent,

v.

**Franklin Eric Halls, Defendant and Petitioner.**

State of Utah, Plaintiff and Respondent,

v.

**Devon Kinne, Defendant and Petitioner.**

**Nos. 20060508, 20060541, 20060566.**

Supreme Court of Utah.

July 17, 2007.

---

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr., Joanne C. Slotnik, Erin Riley, Asst. Att'ys Gen., for plaintiff.

William L. Schultz, Moab, Autumn R. Fitzgerald, Keith Andrew Fitzgerald, Monticello, for defendants.

DURHAM, Chief Justice:

¶ 1 The defendants in these consolidated cases were tried and convicted of separate offenses. They each assert, however, that the reasonable doubt jury instruction used at their trials violated the standard set forth by this court in *State v. Reyes*, 2005 UT 33, 116 P.3d 305, because all the instructions included the statement that the State's evidence must "eliminate all reasonable doubt." We conclude that the instructions were permissible because the instructions, in their entirety, adequately conveyed to the jury the principle of reasonable doubt.

## BACKGROUND

¶ 2 At his trial, the jury found Mr. Kinne guilty of burglary, theft, receiving or transferring a stolen motor vehicle, and possession of drug paraphernalia. Mr. Halls was found guilty of possession of a controlled substance, possession of an imitation controlled substance, and possession of drug paraphernalia, and Mr. Austin was convicted of murder, theft of an operable motor vehicle, and interference with an arresting officer. Each defendant received a very similar reasonable doubt instruction. Mr. Kinne and Mr. Halls received the following instruction: [1]

A defendant is presumed innocent until proven guilty beyond a reasonable doubt. This presumption follows the defendant throughout the trial. If a defendant's guilt

---

1. Mr. Austin received a similar, but not identical, instruction with the following language:

A defendant is presumed innocent until proven guilty beyond a reasonable doubt. This presumption follows the defendant throughout the trial. If a defendant's guilt is not proven beyond a reasonable doubt, the defendant should be acquitted.

Proof beyond a reasonable doubt is not proof to an absolute certainty. *It is the burden of the State to eliminate all reasonable doubt.* Reasonable doubt is a doubt based on reason,

which is reasonable in view of all the evidence. Reasonable doubt is not a doubt based on fancy, imagination, or wholly speculative possibility. Proof beyond a reasonable doubt is enough proof to satisfy the mind, or convince the understanding of those bound to act conscientiously, and enough to eliminate reasonable doubt. A reasonable doubt is a doubt that reasonable people would entertain based upon the evidence in the case.

(Emphasis added.)

is not shown beyond a reasonable doubt, the defendant should be acquitted.

*The state must eliminate all reasonable doubt.* Proof beyond a reasonable doubt is not proof to an absolute certainty. Reasonable doubt is a doubt based on reason, which is reasonable in view of all the evidence. Reasonable doubt is not a doubt based on fancy, imagination, or wholly speculative possibility. Proof beyond a reasonable doubt is enough proof to satisfy the mind, or convince the understanding of those bound to act conscientiously, and enough to eliminate reasonable doubt. A reasonable doubt is a doubt that people would entertain based upon the evidence in the case.[2]

(Emphasis added.)

¶ 3 Neither Mr. Kinne's nor Mr. Halls' trial counsel ever objected to this instruction, and in fact, Mr. Kinne's proposed reasonable doubt jury instruction contained the language, "The State's evidence must eliminate all reasonable doubt." Mr. Austin's proposed jury instruction contained the sentence, "It is the burden of the State to obviate all reasonable doubt." At trial, Mr. Austin's counsel objected to the court's use of the term "eliminate" in place of the term "obviate" contained in the defense's proposed instruction. The court, reasoning that jurors would more easily understand the term "eliminate," did not change the instruction. Thus, the substance of the instruction was never contested by any of the defendants.

¶ 4 On appeal to the court of appeals, however, the defendants objected to the instruction's use of the phrase "eliminate all reasonable doubt," claiming that it incorrectly stated the law and violated their due process rights. *See State v. Halls,* 2006 UT App 142, 134 P.3d 1160; *State v. Austin,* 2006 UT App 184U, 2006 WL 1174241; *State v. Kinne,* 2006 UT App 156U, 2006 WL 1030328. We granted certiorari to determine whether our holding in *State v. Reyes,* 2005 UT 33, 116 P.3d 305, applied to the court of appeals' consideration of the defendants' appeals,[3] whether the court of appeals erred in reviewing the challenges to the reasonable doubt instruction for plain error, and whether the instruction that the State's evidence must "eliminate all reasonable doubt" constituted reversible error in light of our decision in *Reyes.* We consolidated the cases and have jurisdiction pursuant to Utah Code section 78–2–2(3)(a), (5) (2002).

## ANALYSIS

¶ 5 We begin by recognizing that the parties presented arguments and analysis regarding appellate review of the contested jury instruction where trial counsel failed to object to the instruction, and where, for two of the defendants, trial counsel in fact requested that the particular phrase, or a functionally equivalent phrase, be used. The parties treated the doctrines of plain error, structural error, exceptional circumstances, and manifest injustice. The State presented arguments suggesting that appellate review is barred by the invited error doctrine. However, because we conclude that no error occurred and because we deem it advisable to treat the substance of the claim in this matter due to confusion that has arisen as a result of our opinion in *State v. Reyes,* 2005 UT 33, 116 P.3d 305, we take this opportunity to clarify the use of the terms "eliminate" and "obviate" in reasonable doubt jury instructions.[4] We review the contested reasonable doubt instructions for correctness because "whether a jury instruction correctly states the law presents a question of law."

---

2. In additional jury instructions provided during each defendant's trial, the court instructed that "[i]n order to obtain a conviction, the state must prove each element of the offense beyond a reasonable doubt." The instructions then listed the elements of each charged offense, and instructed, "If you believe that the state has proved each of these elements beyond a reasonable doubt, you should find defendant guilty. If the state has failed to prove any one of those elements beyond a reasonable doubt, you should find defendant not guilty."

3. This court had granted certiorari in *Reyes* prior to the defendants' trials. The opinion was issued after the trials but before the parties filed their briefs with the court of appeals.

4. Contrary to the opinion of the court of appeals, we find no discernible difference between the terms "obviate" and "eliminate," and our analysis applies to both. *Cf. State v. Halls,* 2006 UT App 142, ¶ 16, 134 P.3d 1160.

*State v. Cruz*, 2005 UT 45, ¶ 16, 122 P.3d 543 (internal quotation marks omitted).

■ ¶ 6 The government must prove every element of a charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). For several years, our standard for reasonable doubt jury instructions was that outlined in *State v. Robertson*, 932 P.2d 1219 (Utah 1997), *overruled by State v. Reyes*, 2005 UT 33, 116 P.3d 305. That test mandated, among other requirements, that the instructions "specifically state that the State's proof must obviate all reasonable doubt." *Id.* at 1232 (internal quotation marks omitted). In *Reyes*, this court abandoned the *Robertson* test. However, what the defendants fail to recognize is that in *Reyes* the focal point of our concern was the United States Supreme Court's decision in *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), rather than the term "obviate." In *State v. Cruz*, a case argued the same day as *Reyes*, we made this clear. In *Cruz*, we described the effect of *Reyes*: "[T]he *Robertson* test is no longer in force. We now adhere instead to the *Victor* test for assessing the validity of reasonable doubt instructions." *Cruz*, 2005 UT 45, ¶ 21, 122 P.3d 543 (citation omitted). In *Victor*, the Supreme Court recognized that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor,* 511 U.S. at 5, 114 S.Ct. 1239. Furthermore, "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.* The *Victor* test requires only that "the instructions, taken as a whole, correctly communicate the principle of reasonable doubt, namely, that a defendant cannot be convicted of a crime 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *Cruz*, 2005 UT 45, ¶ 21, 122 P.3d 543 (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). Thus, the *Robertson* test, mandating specific language, was at odds with the Supreme Court's "expansive approach to the content of reasonable doubt instructions"; and this was the driving force behind our decision in *Reyes*, not the use of one word or phrase in a particular instruction. *Reyes*, 2005 UT 33, ¶ 8, 116 P.3d 305.

¶ 7 The instruction given at the defendants' trials meets the *Victor* standard. The instruction, read as a whole, properly conveys the concept of reasonable doubt. *Victor,* 511 U.S. at 5, 114 S.Ct. 1239. Review of the entire instruction reveals that there is not a "reasonable likelihood that the jury understood the instruction[ ] to allow conviction based on proof" below beyond a reasonable doubt. *Id.* at 6, 114 S.Ct. 1239. As the Supreme Court recognized in *Victor*, one particular word or phrase "cannot be sequestered from its surroundings." *Victor,* 511 U.S. at 16, 114 S.Ct. 1239; *see also Reyes*, 2005 UT 33, ¶ 20, 116 P.3d 305 ("[E]ven words that in isolation might be constitutionally offensive may be rehabilitated when considered in their context."). Applying this principle to the instructions presented at the defendants' trials, the remainder of the instructions "lends meaning to the [objectionable] phrase" and the instructions taken as a whole adequately conveyed to the jury the concept of "beyond a reasonable doubt." *Victor,* 511 U.S. at 16, 114 S.Ct. 1239. In *Victor*, the Supreme Court upheld an instruction that included the phrase "moral certainty" even though the Court did not "condone the use of the phrase." *Id.* Similarly, although we do not deem use of the terms "eliminate" and "obviate" advisable, their use within an instruction that, taken as a whole, properly communicates the concept of reasonable doubt does not create a constitutional error. While we did speculate in *Reyes* that in a hypothetical case the "obviate all reasonable doubt" language could create a problem if the State failed to put on adequate evidence and the jury found "guilt based on a degree of proof below beyond a reasonable doubt," *Reyes*, 2005 UT 33, ¶¶ 28, 30, 116 P.3d 305 (explaining that the obviate language has constitutional implications only to the extent that "it would permit the State to argue that it need only obviate doubts that are sufficiently defined"), we also recognize that the "obviate" or "eliminate" language is generally favorable to the defense. Generally, the phrase suggests a heightened standard of reasonable doubt, and the hypotheti-

cal case where the instruction could create a lower burden than constitutionally permissible is not before us today.

¶ 8 Accordingly, we affirm the decision of the court of appeals. The jury instructions presented at the trials of Mr. Kinne, Mr. Halls, and Mr. Austin were not erroneous.

¶ 9 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.